UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASMINE MITCHELL, *on behalf of J.C.M.*,

Plaintiff,

-against-

CITY OF POUGHKEEPSIE SCHOOL
DISTRICT,

Defendant.

19-CV-3879 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that Defendant failed to provide her minor child ("JC") with a free

appropriate public education ("FAPE"), in violation of the Individuals with Disabilities in

Education Act ("IDEA") and the Rehabilitation Act. By order dated June 17, 2019, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff asserts that JC is a child on the autism spectrum. She alleges that the Defendant failed to conduct the necessary assessments and evaluations to identify him as a student with a disability. Defendant failed to provide JC with the appropriate services and supports, therefore denying him a FAPE in violation of the IDEA and Rehabilitation Act. Plaintiff further alleges that Defendant "mistreated, neglected, and discriminated against" JC. (Compl. at 5.) Plaintiff and JC have both experienced mental and emotional stress. Plaintiff also alleges that JC was injured while on school property, although she provides no additional details.

Plaintiff seeks $64,000 in lost wages, $2 million for her stress and $2 million for JC's stress, $32,000 for obtaining transportation, $5,000 for relocation expenses, and $600,000 for current and future educational expenses.

**DISCUSSION**

**A.      Claims on behalf of JC**

Plaintiff asserts claims on behalf of her son, JC. A parent, however, cannot proceed *pro se*

to litigate a child's claim under the IDEA, the Rehabilitation Act, or § 1983. *See Fauconier v.*

*Comm. on Special Educ., Dist. 3, New York City Bd. of Educ.*, 112 F. App'x. 85 (2d Cir. 2004);

*see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t

is not in the interests of minors or incompetents that they be represented by non-attorneys. Where

they have claims that require adjudication, they are entitled to trained legal assistance so their

rights may be fully protected."). Plaintiff may, however, pursue claims *pro se* on her *own* behalf

under the IDEA because the IDEA grants parents independent, enforceable rights. *Winkelman ex*

*rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007) ("We instead interpret the

statute's references to parents' rights to mean what they say: that IDEA includes provisions

conveying rights to parents as well as to children."). The Court therefore dismisses Plaintiff's

claims that she brings on behalf of JC. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Exhaustion of administrative remedies under IDEA**

Parents are required to exhaust state hearing and review procedures before bringing an

action in state or federal court under the IDEA. *Honig v. Doe*, 484 U.S. 305 (1988). The

exhaustion requirement applies regardless of the remedy that a plaintiff seeks, *Polera v. Bd. of*

*Educ. of Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 488 (2d Cir. 2002), and applies to all

of a plaintiff's federal causes of action regardless of their statutory bases, *Cave v. E. Meadow*

*Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2008) (noting that the district court lacked

subject matter jurisdiction over ADA, Rehabilitation Act, and § 1983 claims due to plaintiffs'

failure to exhaust administrative remedies under IDEA).

To exhaust administrative remedies in New York, a parent must first pursue his or her claim in a due process hearing before an Impartial Hearing Office ("IHO"), N.Y. Educ. Law § 4404(1), and may appeal an adverse ruling to a State Review Officer ("SRO"), *id.* § 4404(2). Either party may then seek review of the SRO's decision in federal court. 20 U.S.C. § 1415(i)(2)(A); *see Coleman v. Newburgh Enlarged Sch. Dist.*, 503 F.3d 198, 208 (2d Cir. 2007) (prospective plaintiffs must await a "final" agency decision before they have the right to sue). The federal action must be filed within four months of the date the SRO's decision "becomes final and binding on the parties." N.Y. Educ. Law. § 4404(3).

Plaintiff does not allege that she has exhausted her administrative remedies. If Plaintiff has not properly exhausted her administrative remedies, the Court must dismiss this action for lack of subject matter jurisdiction. *See Cave*, 514 F.3d at 249; Fed R. Civ. P. 12(h)(3). Plaintiff is therefore directed to file an amended complaint that describes whether she exhausted her administrative remedies before filing this action.

## C.     Claims under § 1983

Plaintiff also fails to allege facts sufficient to state a claim for discrimination under 42 U.S.C. § 1983. To state such a claim, a plaintiff must ordinarily allege that she is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, gender, alienage, or national origin, *see Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998). The plaintiff must also allege facts showing that the defendant has purposefully discriminated against the plaintiff because of her membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (citing *Iqbal*, 556 U.S. at 676), *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017); *Giano*, 54 F.3d at 1057. "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a

decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Turkmen*, 789 F.3d at 252 (quoting *Iqbal*, 556 U.S. at 676-77) (internal quotation marks and citations omitted, alterations in original).

Plaintiff does not allege any facts suggesting that she is a member of a suspect or quasi-suspect class, or that Defendant purposefully discriminated against her. And while the complaint alleges that Defendant discriminated against JC, Plaintiff may not proceed *pro se* to litigate claims on behalf of her minor child. *See Fauconier*, 112 F. App'x. 85. The Court therefore dismisses any claim under § 1983 that Plaintiff may be asserting against Defendant. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. Plaintiff is further directed to include any facts describing whether she exhausted her administrative remedies. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3879 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   July 12, 2019
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No
           (check one)

___ Civ. _____ (   )

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Who did
what?

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.    Facts:_____

What
happened
to you?
_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

         _____

        2.      What was the result, if any?
         _____

         _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

     2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.     Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes ـ____   No ـ____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.


                        Signature of Plaintiff      _____

                        Inmate Number              _____

                        Institution Address         _____

                                                    _____

                                                    _____

                                                    _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering

this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for

the Southern District of New York.


                        Signature of Plaintiff:    _____