UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASMINE MITCHELL, *on behalf of J.C.M.*,

    Plaintiff,

-against-

CITY OF POUGHKEEPSIE SCHOOL DISTRICT,

    Defendant.

19-CV-3879 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. On July 12, 2019, the Court ordered Plaintiff to file an amended complaint within sixty days and stated that if Plaintiff failed to comply within the time allowed, the Court would dismiss the action for failure to state a claim upon which relief may be granted. (ECF No. 4.) Plaintiff failed to respond to the Court's order, and on September 19, 2019, the Court dismissed the complaint (ECF No. 5.) Judgment was entered on September 23, 2019. (ECF No. 6.)

    On December 5, 2019, Plaintiff filed a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF No. 7.) She asserts that she needs an extension of time because she has "been under care of [a] doctor." (*Id.*) Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") on appeal. (ECF No. 8.) For the following reasons, the Court denies Plaintiff's motions.

## DISCUSSION

    Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a party files a motion within thirty days of the expiration of the time to file the notice of appeal, and the moving party shows excusable neglect

or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A). Here, the Court entered judgment on September 23, 2019. Plaintiff therefore had until October 21, 2019 to file her original notice of appeal, and, upon showing excusable neglect or good cause for the delay, until November 21, 2019 to file a motion for an extension of time to file a notice of appeal.

Plaintiff filed her motion on December 5, 2019, after the sixty-day deadline prescribed by Fed. R. App. P. 4(a)(5)(A) had expired. Because Plaintiff filed her motion more than sixty days after entry of judgment, the Court lacks authority to grant Plaintiff the relief that she seeks. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that the district court lacked jurisdiction to consider an untimely motion under Fed. R. App. P. 4(a)(5), even if the moving party can show good cause).

Plaintiff also has not alleged facts that would entitle her to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. That Rule allows a district court to reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal; (2) the motion is filed within 180 days after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no party would be prejudiced. Fed. R. App. P. 4(a)(6). Plaintiff does not satisfy these conditions because she does not allege that she did not receive notice of the order she seeks to appeal within twenty-one days after entry.

For these reasons, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF No. 7).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF No. 7).

The Court denies as moot Plaintiff's request to proceed IFP for the purposes of an appeal (ECF No. 8).

SO ORDERED.

Dated: January 13, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.